UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>LUIS MAGANA,<br><br>        Defendant. | No. 2:13-CR-00166-MCE<br><br><br>**ORDER** |

Defendant Luis Magana ("Defendant") pled guilty to Dealing Firearms Without a License in violation of 18 U.S.C. § 922(a)(1)(A) and Distribution of at least 50 Grams of a Mixture or Substance Containing Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and was sentenced on April 1, 2014, to 120 months of imprisonment.  Presently before the Court is Defendant's Motion to Reduce Sentence.  ECF No. 109.  This matter was referred to the Office of the Federal Defender, which subsequently filed a notice indicating that it would not be supplementing Defendant's motion.  ECF No. 113.[1]  The Government opposes Defendant's request.  ECF No. 115.  For the reasons that follow, that Motion is DENIED.

---

[1] The filing submitted by the Federal Defender's Office more specifically states that it is not "recommend[ing] appointment of counsel in this case."  ECF No. 113.  However, that office had already been appointed pursuant to Eastern District General Order 546.  The filing is thus more properly construed as a decision not to add to the record.

1

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) foreclosures a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Defendant is not eligible for a reduction in his sentence because, except under circumstances not applicable here, the Court may not resentence Defendant to a sentence that is below the bottom of the amended guideline range. Id., § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."). Defendant's original Base Offense Level was 38. Two levels were added for possession of a firearm and three levels were deducted for acceptance of responsibility, resulting in a Total Offense Level of 37. With a Criminal History Category I, the guideline range was 210-262 months. The Court varied downward and sentenced Defendant to the mandatory minimum 120 months. Defendant's amended Total Offense Level would be 35, which, along with a Criminal History Category II, results in a guideline range of 168-210 months. Because the low-end of the adjusted range exceeds Defendant's actual 120-month sentence, Defendant is ineligible for a reduction, and his Motion (ECF No. 109) is DENIED.

　　　　IT IS SO ORDERED.

Dated:  September 22, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE